**Opinion issued July 12, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00204-CV

———————————

## IN RE MOODY NATIONAL KIRBY HOUSTON S, LLC, Relator

---

### Original Proceeding on Petitions for Writ of Mandamus

---

## O P I N I O N

In this original proceeding, relator, Moody National Kirby Houston S, LLC

seeks mandamus relief compelling the trial court to grant its motions to expunge

the lis pendens filed by Capcor at KirbyMain, LLC on real property owned by Moody.[*] We deny the petition.

Capcor sued Moody asserting various claims arising from a failed real estate transaction. It also filed a notice of lis pendens with the Harris County Clerk. Moody filed a motion to expunge the lis pendens, which the trial court denied.

The case proceeded to trial. The trial court directed a verdict in favor of Moody on Capcor's statutory fraud claim, and the jury rendered a verdict in favor of Moody on Capcor's remaining claims. Moody filed a second motion to expunge, but the trial court never ruled on that motion. On October 17, 2012, Moody filed its third Motion to Expunge and Cancel Lis Pendens.

The trial court entered a final judgment on October 26, 2012. Capcor timely filed a motion for new trial. Following a hearing, the trial court denied Moody's third motion to expunge as moot. Then on January 9, 2013, the motion for new trial was overruled by operation of law. TEX. R. CIV. P. 329b(c). Capcor timely filed its notice of appeal, and that appeal is currently pending in this court as cause no. 01-13-00068-CV.

---

[*] The underlying case was *Capcor at KirbyMain, LLC v. Moody National Kirby Houston S, LLC and Moody National Title Company, LP*, Cause No. 2011-32904, in the 215th District Court of Harris County, Texas, the Honorable Elaine Palmer, presiding.

2

On February 5, 2013, the trial court denied Moody's Motion for Reconsideration of its Third Motion to Expunge Capcor's Lis Pendens. On February 8, the trial court's plenary power expired. TEX. R. CIV. P. 329b(e). Moody subsequently filed this petition for writ of mandamus seeking relief from the trial court's order denying its third motion to expunge the lis pendens.

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See, e.g.*, *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Mandamus has been recognized as an appropriate remedy when interlocutory issues have arisen concerning the issuance of notices of lis pendens. *See, e.g.*, *In re Cohen*, 340 S.W.3d 889, 900 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding); *First Nat. Petroleum Corp. v. Lloyd*, 908 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1995, no writ) (orig. proceeding); *see also Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (per curiam, orig. proceeding). However, in this case, final judgment had been entered, a notice of appeal had been filed, and the trial court's plenary power had expired by the time Moody filed its mandamus petition. Accordingly, all of the trial court's interlocutory rulings, including its denials of the motions to expunge the lis pendens, had merged into the final judgment and had become appealable. *See, e.g.*, *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 924 (Tex. 2011); *Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex. 1972) (holding that interlocutory judgment

merged into final judgment, which was then appealable); *CenterPoint Energy Hous. Elec. LLC v. Bluebonnet Drive, Ltd.*, 264 S.W.3d 381, 387 n.4 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

"Mandamus will not issue where there is 'a clear and adequate remedy at law, such as a normal appeal.'" *Walker*, 827 S.W.2d at 840 (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984)). Accordingly, mandamus relief is not appropriate in this proceeding because Moody had an adequate remedy by appeal, and we deny the petition.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Justice Sharp, dissenting.

4