**Opinion issued June 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00624-CV

———————————

## IN RE RESCUE CONCEPTS, INC., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Real party in interest HouReal Corporation ("HouReal") filed a lis pendens in conjunction with its original petition in the underlying suit.[1] The relator, Rescue Concepts, Inc. ("Rescue"), filed a motion to expunge the lis pendens pursuant to Texas Property Code section 12.0071 and asked the trial court to tax costs against

---

[1] The underlying case is *The HouReal Corporation v. Rescue Concepts, Inc.*, Cause No. 2014-71749, in the 270th District Court of Harris County, Texas, the Honorable Brent Gamble presiding.

HouReal in the underlying proceeding. The trial court denied the motion to expunge, and Rescue filed this petition for a writ of mandamus seeking to vacate the respondent trial judge's order denying the motion to expunge. We conditionally grant the petition.

## Background

Rescue and HouReal entered into a contract for the sale of a parcel of real property in Liberty County (the "Property"). Under the contract, HouReal was to buy the Property from Rescue for $12 million by the closing date of January 7, 2015, but the sale never closed.

On December 10, 2014, HouReal sued Rescue in Harris County. HouReal's original petition listed the following three causes of action: (1) breach of contract seeking monetary damages for the attempted purchase of the Property; (2) attorney's fees; and (3) an application for a temporary restraining order and a temporary injunction to prohibit Rescue from selling the Property or, alternatively, an order that Rescue pay the funds from any sale of the Property into the court registry. HouReal neither sought specific performance of the sale contract nor claimed that it owned the Property in its original petition.

On April 20, 2015, HouReal recorded a notice of lis pendens for the Property in the Liberty County clerk's records. A properly filed lis pendens operates as constructive notice that a specific piece of real property is subject to a

2

pending lawsuit and that any interest acquired by a prospective buyer is subject to the outcome of the pending litigation. *See* TEX. PROP. CODE ANN. § 13.004(a) (West 2014).

On April 29, 2015, Rescue moved to expunge the lis pendens under a statute mandating expunction when either: (1) the "pleading on which the notice [of lis pendens] is based" does not contain a real property claim or (2) "the [party filing lis pendens] fails to establish by a preponderance of the evidence the probable validity of the real property claim." *Id.* § 12.0071(c)(1)–(2) (West 2014). Specifically, Rescue argued that HouReal's petition did not contain a real property claim because it sought only monetary damages for breach of contract for the failed sale. *See id.* § 12.0071(c)(1). Alternatively, Rescue argued that, even if HouReal's original petition asserted a real property claim, HouReal did not satisfy section 12.0071(c)(2) because it failed to establish the probable validity of this claim by a preponderance of the evidence. *See id.* § 12.0071(c)(2). HouReal subsequently amended its petition to request that the trial court reinstate the sale contract and order Rescue to sell the Property to HouReal. HouReal still requested, in the alternative, that Rescue pay the sale proceeds of the Property to the court and monetary damages for breach of contract and attorney's fees to HouReal.

3

On May 26, 2015, HouReal filed its response to Rescue's motion to expunge the lis pendens. HouReal's response did not attach any evidence other than its notice of lis pendens and its original and amended petitions. HouReal did not present any evidence or argument that established the probable validity of a real property claim. It argued only that it had alleged a real property claim. Although the Texas Property Code expressly permits an evidentiary hearing in response to a motion to expunge a lis pendens, HouReal did not request such a hearing. *See id.* § 12.0071(b)(1) ("The court may: (1) permit evidence on the motion to be received in the form of oral testimony[.]").

On June 12, 2015, the trial court held a hearing on the motion to expunge lis pendens at which no evidence was submitted. On July 13, 2015, the trial court signed an order denying Rescue's motion to expunge lis pendens.

Rescue then filed this mandamus petition seeking to have the trial court vacate its July 13, 2015 order denying its motion to expunge lis pendens and to enter an order expunging HouReal's lis pendens and taxing costs against HouReal. Rescue's petition claimed that the trial court's July 13, 2015 order denying Rescue's motion to expunge the lis pendens was an abuse of discretion primarily because HouReal failed to introduce evidence of the probable validity of its claim and its pleading did not contain a real property claim.

HouReal responded that: (1) the trial court did not abuse its discretion by denying Rescue's motion to expunge; (2) Rescue misinterprets section 12.0071(c)(2); and (3) the live pleadings supported the trial court's denial of Rescue's motion to expunge lis pendens.

## Standard of Review

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court commits a clear abuse of discretion when its ruling is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (per curiam) (orig. proceeding) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)).

"Mandamus has been recognized as the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens." *In re Cohen*, 340 S.W.3d 889, 900 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) (internal quotation marks and citations omitted). Thus, there is no need for a relator to show that it lacks an adequate appellate remedy in the context of a dispute involving a lis

pendens.  *See Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (per curiam) (orig. proceeding).

### Lis Pendens

"A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property, and notifying third parties that ownership of the property is disputed." *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The doctrine is codified in Property Code section 12.007(a):

> [D]uring the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

TEX. PROP. CODE ANN. § 12.007(a) (West 2014); *see In re Miller*, 433 S.W.3d at 84.

The notice must contain certain information, including the style and cause number of the proceedings, the court in which it is pending, the names of the parties, identification of the kind of proceedings, and a description of the property affected. TEX. PROP. CODE ANN. § 12.007(b); *see In re Cohen*, 340 S.W.3d at 892. A properly filed lis pendens is not itself a lien, but rather it operates as constructive notice "to the world of its contents." TEX. PROP. CODE ANN. § 13.004(a); *see also B & T Distribs., Inc. v. White*, 325 S.W.3d 786, 789 (Tex. App.—El Paso 2010, no

pet.) ("The purpose of a notice of *lis pendens* is to put those interested in a particular tract of land on inquiry about the facts and issues involved in the suit and to put prospective buyers on notice that they acquire any interest subject to the outcome of the pending litigation.") (citing *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied)).

A notice of lis pendens may be expunged, however, if certain procedures are followed and the trial court determines that the party filing the notice either has not pleaded a real-property claim or has not demonstrated the probable validity of the claim:

(a) A party to an action in connection with which a notice of lis pendens has been filed may:

(1) apply to the court to expunge the notice; and

(2) file evidence, including declarations, with the motion to expunge the notice.

(b) The court may:

(1) permit evidence on the motion to be received in the form of oral testimony; and

(2) make any orders the court considers just to provide for discovery by a party affected by the motion.

(c) The court shall order the notice of lis pendens expunged if the court determines that:

(1) the pleading on which the notice is based does not contain a real property claim;

(2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or

(3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d). . . .

TEX. PROP. CODE ANN. § 12.0071(a)–(c).

At the hearing on the motion, the trial court may permit evidence in the form of oral testimony, and the trial court must then "rule on the motion for expunction based on the affidavits and counteraffidavits on file and on any other proof the court allows." *Id.* § 12.0071(b)(1), (e). After considering the evidence, the trial court must grant the motion for expunction of a lis pendens notice if the claimant failed "to establish by a preponderance of the evidence the probable validity of the real property claim[.]" *Id.* § 12.0071(c)(2); *Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 867, 887 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

**Analysis**

The parties dispute whether HouReal properly pleaded a real property claim. Assuming without deciding that it did, HouReal failed to submit any evidence in its response to Rescue's motion to expunge in the trial court. Thus, it necessarily failed to establish by a preponderance of the evidence the probable validity of its real property claim. Because HouReal failed to meet its evidentiary burden under section 12.0071(c)(2), the trial court abused its discretion in denying Rescue's motion to expunge. *See* TEX. PROP. CODE ANN. § 12.0071(c)(2).

8

Mandamus relief is "the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens." *In re Cohen*, 340 S.W.3d at 900. Thus, because we hold that the trial court abused its discretion by denying Rescue's motion to expunge HouReal's notice of lis pendens under section 12.0071, Rescue need not demonstrate the inadequacy of an appellate remedy. *See In re Moody Nat'l Kirby Houston S, LLC*, 412 S.W.3d 570, 571 (Tex. App.— Houston [1st Dist.] 2013, orig. proceeding) ("Mandamus has been recognized as an appropriate remedy when interlocutory issues have arisen concerning the issuance of notices of lis pendens.").

## CONCLUSION

Accordingly, we conditionally grant Rescue's mandamus petition and direct the trial court to vacate its July 13, 2015 order denying Rescue's motion to expunge lis pendens and to order HouReal's notice of lis pendens expunged. We remand the case to the trial court for further proceedings consistent with this opinion. We are confident that the trial court will promptly comply, and our writ will issue only if it does not comply within thirty days of the date of this opinion.


Evelyn V. Keyes
Justice


Panel consists of Justices Keyes, Brown, and Huddle.

9