

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00099-CV

**IN THE INTEREST OF Z.M.M.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00639
Honorable Richard Garcia, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: June 27, 2018

AFFIRMED

This is an accelerated appeal from an order terminating appellant's parental rights to his child, Z.M.M. The appellant-father challenges the sufficiency of the evidence in support of the trial court's predicate statutory findings as well as its finding that termination of his parental rights was in Z.M.M.'s best interest. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1), (2) (West Supp. 2017). We affirm the trial court's termination order.

### BACKGROUND

On March 28, 2017, the Texas Department of Family and Protective Services ("the Department") filed a petition to terminate appellant's parental rights. A bench trial was conducted on February 12, 2018. At the time of trial, Z.M.M. was two years old. Department caseworker Eletheia Hill testified the Department received a referral alleging drug use by Z.M.M.'s mother in

the home where Z.M.M. was residing. Mother admitted to using methamphetamines and marijuana at the time of inquiry. According to Hill, appellant claimed to know that Z.M.M.'s mother was "using something," but made no efforts to remove Z.M.M. from the situation.

As part of his family service plan, appellant was required to participate in a parenting class; obtain and submit proof of housing; remain drug and alcohol free; and complete a drug and alcohol assessment, as well as any recommended treatments the assessment recommended. Hill testified that appellant completed his parenting class and his assessment, but did not complete the recommended outpatient therapy. Hill also testified that appellant told her he recently obtained housing, but that because appellant would not give her his address, she had been unable to confirm where he was living. When Hill asked why appellant was not completing the conditions of his service plan, appellant claimed he did not want to take time off work and that he did not have transportation. According to Hill, the Department offered appellant transportation and extra time to complete his service plan.

The caseworker believed it was in Z.M.M.'s best interest for appellant's parental rights to be terminated so that Z.M.M. would have the opportunity to move forward with his foster parents through formal adoption. The foster parents and Z.M.M. are bonded; they provide Z.M.M. with a safe and stable home; they have demonstrated that they are able to take care of Z.M.M.; and Z.M.M. has lived with them since April 2017, which is longer than the total amount of time appellant ever lived with Z.M.M. Hill also characterized appellant's visits with Z.M.M. as "off and on," with only two visits in the last five months.

Appellant also testified at the hearing. Appellant admitted to knowing Z.M.M.'s mother was using drugs, but did not get involved because Z.M.M.'s mother and her current boyfriend made it difficult for him to see Z.M.M. Appellant also admitted to using marijuana within six months of trial. Appellant testified that for a period of time he did not have a stable job or a place

to stay, but that he was currently working in a restaurant and was living with a friend. Appellant wants to be reunited with Z.M.M., but admitted he did not have a stable home and would not be able to presently provide Z.M.M. with one.

## STANDARD OF REVIEW

A parent-child relationship may be terminated only if the trial court finds by clear and convincing evidence one of the predicate grounds enumerated in section 161.001(b)(1) and that termination is in the child's best interests. *Id.* § 161.001(b)(1), (2). Clear and convincing evidence requires "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West Supp. 2017). We review the legal and factual sufficiency of the evidence under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002).

## PREDICATE FINDINGS

In his first issue, appellant challenges the sufficiency of the evidence supporting the trial court's predicate findings under section 161.001(b)(1)(D), (N), and (O). *See id.* § 161.001(b)(1)(D),(N),(O). The trial court concluded there was clear and convincing evidence that appellant: (1) had knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; (2) constructively abandoned the child; and (3) failed to comply with the provisions of a court order specifically establishing the actions necessary for appellant to obtain the return of child. *Id.*

Subsection (O) allows termination of the parent-child relationship when a parent has failed to satisfy any of the conditions set out in the family service plan. *Id.* § 161.001(b)(1)(O). Texas courts generally take a strict approach to subsection (O)'s application. *In re D.N.*, 405 S.W.3d 863, 877 (Tex. App.—Amarillo 2013, no pet.). In construing subsection (O), courts only look for a parent's failure to comply and do not measure a parent's "degree of compliance" or "quantity of

failure." *Id.* In this case, appellant's service plan required him to: (1) obtain and submit proof of stable housing; (2) participate in a parenting class; and (3) complete a drug and alcohol assessment, "follow all recommendations of the assessment including but not limited to inpatient drug treatment," and remain drug and alcohol free. The evidence shows appellant completed a parenting class and a drug and alcohol assessment; however, appellant did not "follow all recommendations of the assessment" because he failed to complete the recommended outpatient therapy. Appellant also failed to remain drug free, admitting that he had used marijuana during the pendency of the case. Lastly, appellant testified to recently moving in with a friend, but he failed to provide the caseworker with an address or any other proof of stable housing. Although appellant completed some of the requirements on his service plan, the evidence conclusively shows he did not comply with all of the requirements of his service plan. *See In re M.C.G.*, 329 S.W.3d 674, 676 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (determining a parent's failure to complete just one requirement of the service plan supports termination); *In re T.T.*, 228 S.W.3d 312, 319 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (affirming that substantial or partial compliance with a service plan is insufficient to avoid termination). Accordingly, we hold the evidence is legally and factually sufficient to support the trial court's finding under section 161.001(b)(1)(O). Because a single ground under section 161.001(b)(1) can support termination when there is also a finding that termination was in the child's best interest, we need not address appellant's challenges to the evidence in support of termination under subsections (D) and (N). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

## BEST INTEREST

In his second issue, appellant challenges the sufficiency of the evidence supporting the trial court's finding that termination of his parental rights was in Z.M.M.'s best interest. There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209

S.W.3d 112, 116 (Tex. 2006). However, it is equally presumed that "the prompt and permanent placement of the child in a safe environment is . . . in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West Supp. 2017).

Our best-interest analysis is guided by consideration of the non-exhaustive *Holley* factors.[1] The Department was not required to prove each factor, and the absence of evidence regarding some of the factors would not preclude the factfinder from reasonably forming a strong conviction that termination was in the child's best interest, particularly if the evidence was undisputed that the parent-child relationship endangered the safety of the child. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). The focus of our review is whether the evidence, as a whole, is sufficient for the trial court to have formed a strong conviction or belief that termination of the parent-child relationship was in Z.M.M.'s best interest. *Id.*

Evidence of a parent's drug use, inability to provide a stable home, and failure to comply with a family service plan supports a finding that termination is in the best interest of the child. *In re M.R.*, 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.). The evidence at trial established that, following a court-ordered drug assessment, appellant was to be treated for mild marijuana addiction. Appellant also admitted to using marijuana within six months of trial. *See In re L.G.R.*, 498 S.W.3d 194, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("A parent's drug use supports a finding that termination is in the best interest of the child."). The

---

[1] These include:

> (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

evidence also showed that appellant failed to comply with his service plan when he neglected to submit proof of stable housing, attend outpatient treatment, and remain drug free. *See In re S.B.*, 207 S.W.3d 877, 888 (Tex. App.—Fort Worth 2006, no pet.) (holding a failure to comply with a service plan supports a finding that termination is in the best interest of the child). Appellant's own testimony called into question his ability to provide a stable home to Z.M.M. Appellant testified to being "nowhere [near] stable at all" for a period of time, but claimed that he was currently employed and living with a friend; however, no proof of employment or of his place of residence was offered. At trial, when asked if he thought he could be reunited with Z.M.M. today, appellant stated he was ready to be reunited, but that he would not presently be able to provide a stable home for Z.M.M. *See In re L.G.R.*, 498 S.W.3d at 205 ("A child's need for permanence through the establishment of a stable, permanent home has been recognized as the paramount consideration in a best-interest determination.") (internal quotation marks omitted). The caseworker, however, testified that Z.M.M. was doing well with his foster family. She testified that the foster family wants to formally adopt Z.M.M., is meeting all of Z.M.M.'s needs, and that it is in Z.M.M.'s best interest to remain with the family. *See In re J.D.*, 436 S.W.3d 105, 120 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("The stability of the proposed home environment is an important consideration in determining whether termination of parental rights is in the child's best interest."). Having reviewed the record, we hold the evidence is legally and factually sufficient to support the trial court's finding that termination is in Z.M.M.'s best interest.

## CONCLUSION

The trial court's order of termination is affirmed.

Rebeca C. Martinez, Justice