

**NUMBER 13-19-00016-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**IN RE MSW CORPUS CHRISTI LANDFILL, LTD.**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras[1]**

Relator MSW Corpus Christi Landfill, Ltd. filed a petition for writ of mandamus

contending that the trial court abused its discretion, leaving relator without an adequate

appellate remedy, by expunging relator's notice of lis pendens. *See* TEX. PROP. CODE

ANN. § 12.071 (West, Westlaw through 2017 1st C.S.). Relator also filed an expedited

motion for emergency relief requesting this Court to stay the underlying proceedings

pending resolution of its petition for writ of mandamus. By order issued on January 10,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

2019, we granted relator's motion for emergency relief and ordered the real parties in interest, Gulley-Hurst LLC, Robert Bryan Gulley, and Philip R. Hurst, to file a response to the petition for writ of mandamus. The real parties in interest have now filed their response to the petition and relator has filed a reply thereto.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Under this standard of review, we defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. In disputes

2

concerning notices of lis pendens, mandamus is the appropriate remedy and the relator need not show that it lacks an adequate remedy by appeal. *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d 614, 616 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding); *In re Rescue Concepts, Inc.*, 498 S.W.3d 190, 193 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, we lift the stay previously imposed in this cause and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

DORI CONTRERAS
Chief Justice

Delivered and filed the 5th
day of February, 2019.