# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00150-CV

### In re Jaden Alexandra Riley

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the probate court's alleged failure to rule on: (i) her request for accommodation that was submitted on December 30, 2025; (ii) motions that were filed on January 12, 2026, requesting the appointment of an attorney ad litem and the disqualification of counsel for real party in interest; and (iii) motion filed on January 26, 2026, requesting written rulings on her pending motions.

To establish an abuse of discretion for failure to rule, a relator must show that: (1) the trial court had a legal duty to rule on the motion, (2) she made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (citing *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992)). Here, the record does not reflect that Relator's request for accommodation or motions have been pending for an unreasonable length of time. *See, e.g.*, *In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015) (orig. proceeding) (mem. op.) (concluding that delay of less than six

months did not constitute unreasonable length of time under "failure to rule" analysis); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (determining that six-month delay in ruling would not be unreasonable).

In her petition, Relator also asks this Court to order the probate judge to "refrain from issuing any ruling that is dispositive of property rights or title interests," but she has not established that she is entitled to mandamus relief on this ground. The record reflects that real party in interest filed a motion to expunge notices of lis pendens and requested a hearing on the motion but that no hearing has been held on this motion. *See In re Rescue Concepts, Inc.*, 498 S.W.3d 190, 194 (Tex. App.—Houston [1st Dist.] 2016, org. proceeding) (addressing when mandamus relief is appropriate in context of issues arising from issuance of notice of lis pendens); *Smith v. Schwartz*, No. 02-15-00146-CV, 2015 WL 3645862, at *1 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.) (same).

Having reviewed the petition and the record provided, we cannot conclude that Relator is entitled to the extraordinary relief requested and deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a). We further dismiss Relator's pending motions with this Court as moot.

_____

Gisela Triana, Justice

Before Justices Triana, Kelly, and Ellis

Filed: March 4, 2026

2