**Opinion issued August 3, 2017**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

### NO. 01-17-00284-CV

———————————

### IN RE I-10 POORMAN INVESTMENTS, INC., Relator

———————————

### Original Proceeding on Petition for Writ of Mandamus

———————————

### OPINION

Relator, I-10 Poorman Investments, Inc. has filed a petition for writ of mandamus challenging the trial court's order denying Poorman's motion to expunge lis pendens filed by Woodcreek Reserve Community Association.[1] We grant the petition.

---

[1] The underlying case is *Woodcreek Reserve Community Association, Inc. v. I-10 Poorman Investments, Inc.*, cause number 14-DCV-218365, pending in the 268th District Court of Fort Bend County, Texas, the Honorable Brady G. Elliott presiding.

**Background**

Poorman is the real estate developer of the Woodcreek Reserve subdivision and development in Katy, Texas. In connection with developing this subdivision, Poorman filed the Declaration of Covenants, Conditions and Restrictions for the subdivision that established restrictive covenants and created the Association.

The Association filed suit against Poorman for misrepresentation, negligent misrepresentation, promissory estoppel, fraud, statutory fraud, and violations of the Texas DTPA, contending that Poorman represented and marketed to the public and prospective purchasers that the development included "an extensive amenity package" including a pool, clubhouse, cabanas, tennis courts, playgrounds, stocked lakes, and other amenities. The Association complained that despite representations to the contrary, Poorman had not conveyed certain common area amenities and recreational tracts to it. The Association also filed notices of lis pendens under Section 12.007 of the Texas Property Code.

Poorman filed a motion to expunge the lis pendens under Section 12.0071(c)(2) of the Property Code, which provides for expunction if "the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim." *See* TEX. PROP. CODE § 12.0071(c)(2). After a hearing, the trial court denied the motion. Poorman challenges this order, claiming the trial court

abused its discretion in denying the motion because the Association failed to meet its evidentiary burden of proving the probable validity of its real property claim.

**Standard of Review**

To be entitled to the extraordinary remedy of mandamus, a relator must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when the trial court issues a ruling "so arbitrary and unreasonable" that it amounts to "a clear and prejudicial error of law." *See In re CSX*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

In disputes concerning notices of lis pendens, mandamus is the appropriate remedy and a showing of adequate remedy by appeal is unnecessary. *In re Rescue Concepts, Inc.*, 498 S.W.3d 190, 193 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding).

**Analysis**

In its motion, Poorman asserted one ground for expunging the lis pendens filed by the Association: that the Association had failed to establish by a preponderance of the evidence the probable validity of its real property claim. *See* TEX. PROP. CODE § 12.0071(c)(2). The Association responded, claiming its pleadings indicate it was claiming an interest in real property and its counsel had

3

submitted an affidavit supporting the lis pendens notices. The only evidence attached to the Association's response was its attorney's affidavit and an amended notice of lis pendens.

A lis pendens placed in the property records is notice to third parties of a dispute concerning ownership of the property. *See In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *see also* TEX. PROP. CODE § 12.007(a) (permitting party to action involving title to property, enforcing encumbrance, or establishing interest in property to file notice of pending action with county clerk where property is located). Once a lis pendens has been filed, the statute allows removal of the lis pendens either by expunction or cancellation. *See* TEX. PROP. CODE §§ 12.0071, 12.008. A trial court "shall" expunge the lis pendens if:

> (1) the pleading on which the notice is based does not contain a real property claim;
>
> (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or
>
> (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

*Id.* § 12.0071(c). The court is required to rule on the motion to expunge based on affidavits and courteraffidavits on file and on any other proof the court permits. *Id.* § 12.0071(e).

The Association admits that no evidence was presented at the hearing, but it argues that no abuse of discretion is shown because the trial court made its determination based on the parties' pleadings, which is allowed under the first prong of section 12.0071(c). Poorman sought expunction based on the "preponderance of the evidence" ground, but the Association nevertheless contends the trial court could have denied expunction on the first statutory ground—the pleading of a real property claim. In support of this argument, the Association cites to *In re Cohen*, 340 S.W.3d 889 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding), in which this Court determined that the trial court abused its discretion in granting a motion to expunge because the relator had adequately pleaded a real property claim.

But *In re Cohen* does not support the Association's argument. In *Cohen*, we upheld the trial court's order on the pleading of a real property claim ground because the trial court specifically limited its order to a consideration of Cohen's pleadings under Section 12.0071(c)(1). *Id.* at 893. Here, Poorman sought to expunge the lien on the second ground of Section 12.0071(c). Because a party may seek expunction of the lis pendens on any of the enumerated grounds, the Association was charged with providing the probable validity of its claim by a preponderance of the evidence. *See* TEX. PROP. CODE § 12.0071(c) (enumerating bases for expunction in the disjunctive).

Because Poorman argued in the trial court that the preponderance of the evidence did not support the probable validity of the lis pendens, the trial court could not deny the motion to expunge unless the Association met its evidentiary burden of proving by a preponderance of the evidence the probable validity of its real property claim. *See Rescue Concepts*, 498 S.W.3d at 194. In *Rescue Concepts*, the real party in interest filed a lis pendens and Rescue Concepts filed a motion to expunge raising two grounds under Section 12.0071(c): that the pleading did not contain a real property claim and the real party failed to establish by a preponderance of the evidence the probable validity of the real property claim. *Id.* at 192. In response to the motion to expunge, the real party did not present any evidence and argued only that it had alleged a real property claim. The trial court denied the motion. This Court granted mandamus relief because the real party had presented no evidence in its response to the motion to expunge and therefore, failed to meet its evidentiary burden of establishing by a preponderance of the evidence the probable validity of its real property claim. *Id.* at 194.

The Association failed to meet its evidentiary burden. The only evidence offered by the Association was the affidavit of its attorney, William S. Chesney III. Chesney stated in his affidavit that the Association's lawsuit was "one involving title to real property" and "[seeking] the establishment of an interest in real property." Although the attorney's affidavit reiterates the Association's claim that Poorman had

represented it would convey certain properties to the Association, it does not set forth facts proving the probable validity of its real property claim.

The Association countered that Chesney's affidavit is conclusory because it does not contain facts to support the contention that the Association has a valid real property claim. The affidavit does not address the elements of the Association's claim, nor does it adduce fact in support of the claim. Conclusory statements contained in an affidavit "are insufficient to establish the existence of a fact." *Lenoir v. Marino*, 469 S.W.3d 669, 686 (Tex. App.—Houston [1st Dist.] 2015), *aff'd*, *Marino v. Lenoir*, No. 15–0610, 2017 WL 1553095 (Tex. Apr. 28, 2017). A statement is conclusory if it provides no facts to support its conclusion. *Lenoir*, 469 S.W.3d at 686.

Chesney's bare statements that the Association had a real property claim without presenting any facts establishing the probable validity of that claim renders the statements conclusory. *See id.* The affidavit, therefore, does not present any evidence establishing the probable validity of the Association's claims regarding the property. *See Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Rescue Concepts*, 498 S.W.3d at 194. Because the Association did not meet its evidentiary burden of proving the probable validity of its real property claim, the trial court abused its discretion in denying Poorman's motion to expunge the lis pendens.

7

Accordingly, we conditionally grant the petition and direct the trial court to vacate its order denying Poorman's motion to expunge the lis pendens and to grant the motion. We are confident the trial court will comply with this opinion and the writ will issue only if it does not. *See* TEX. R. APP. P. 52.8.

Harvey Brown
Justice

Panel consists of Justices Higley, Bland, and Brown.

8