# NO. 12-22-00233-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *STACEY D. SON, ET AL,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

Stacey D. Son and Valerie Son filed this original proceeding to challenge Respondent's refusal to expunge a lis pendens.[1] We conditionally grant the writ.

## BACKGROUND

Relators own a 38.86 acre tract of property (the property) in Henderson County, Texas. On August 13, 2020, Relators purchased lot 11 from Wanpela Man, LLC, owned by Real Party in Interest Bernard Uechtritz. Relators borrowed $500,000 from Uechtritz, pledging the property and an easement thereon as security for the lien note. The note had a maturity date of August 13, 2021, and Relators executed a deed of trust. The parties signed a "Grant Of Option, Right Of First Refusal and Confidentiality Agreement" (the agreement) in August 2020. Paragraph 1 of the agreement gave Uechtritz 120 days after Relators closed on lot 11 to elect to purchase the property. The agreement contained a purchase price of $3,500,000. Uechtritz was required to provide written notice to Relators on or before the 120th day. The agreement states, "If said Notice is not received within the time allowed, then this Agreement is terminated and is null and void." The record suggests that this period expired on December 16, 2020.

Paragraph 2 gave Uechtritz 120 days after delivering notice within which to complete the purchase of the property and required that his notice be accompanied by a $1,000 check to the

---

[1] Respondent is the Honorable Mark. A. Calhoon, Judge of the 3rd District Court in Henderson County, Texas.

title company to be applied to the purchase price. This paragraph provides that Relators, at Uechtritz's request, "may extend the option period by mutual agreement." It further required that Uechtritz list and market the property for development and/or sale for $4,500,000.

Paragraph 3 gave Uechtritz a right of first refusal if he did not "exercise the option within the original or otherwise mutually acceptable time period." This right "survive[d] the last day of the option period by six months, or the last date of the Icon Global [Uechtritz's real estate company] listing expiration date of the property, whichever is later." The right of first refusal entitled Uechtritz to "match the price of any acceptable offer to [Relators] by a third party buyer/prospect."

On August 9, 2021, claiming that Relators refused to proceed with the sale of the property to him, Uechtritz sued Relators for breach of contract, promissory estoppel/specific performance, partial performance, quantum meruit, and unjust enrichment. That same day, Uechtritz filed a notice of lis pendens. On October 12, Relators filed a motion to expunge the notice of lis pendens. In an affidavit attached to his motion in opposition to Relators' motion, Uechtritz stated that Relators orally agreed to extend the option period to December 28, 2021. The record also contains an unsigned amendment to the agreement and an unsigned contract to purchase the property, along with a copy of Uechtritz's $1,000 check to the title company. The amendment states that the parties "previously orally agreed [] to extend the period during which Uechtritz shall have the right to exercise the Option and purchase the Property[.]" It further provides that:

> Uechtritz shall have the period commencing with July 1st, 2021 and ending December 28, 2021 within which to exercise the Option using the procedure as provided in the Option Agreement. Son and Uechtritz may also extend the option period as before provided in the initial option agreement.

In their supporting affidavits supporting the motion to expunge, both Stacey and Valerie Son stated that they never received a written election from Uechtritz in the 120 days following closing, never orally agreed to extend the election period or option period, and, according to Valerie, never discussed such an oral agreement until Uechtritz came to their home on July 3, 2021. In his deposition, Uechtritz stated that Relators invited him to their home on July 3 and they were supposed to sign the amendment. He testified that Valerie told him "go ahead and get us a purchase contract and the option and I'll make sure it happens per our agreement." In their

2

affidavits, the Sons both expressed their beliefs that Uechtritz could exercise the right of first refusal once the option agreement expired.

On April 21, 2022, Respondent held a hearing on Relators' motion to expunge. At the hearing, Uechtritz testified that he spent over 450 hours performing work on the property, that Relators knew of this work and did not object, and that he would not have performed the work without an agreement to orally extend the option. He admitted failing to give written notice of his election before December 16, but claimed that Relators never mentioned that the option period had expired, that they agreed to extend the deadline, and that he had this oral agreement before December 16. He also acknowledged that he would have the right of first refusal if he did not exercise the option. He testified that the property was never on the market, but that Relators received third-party offers, which he had not seen.

The record also contains electronic messages between the parties. On June 21, 2021, Uechtritz emailed Stacey and included the statement, "Lets execute the option extension amendment and codify oral agreement details we have worked with to date." A July 8 email from Uechtritz to Relators states, in pertinent part, "Confirming our discussions at your home this past Saturday July 3rd. I will be proceeding and providing you a purchase contract for the 40 acres property[.]" On July 20, he emailed the purchase contract to Relators, informed them that he paid $1,000 to the title company, and asking them to review the contract. Uechtritz also sent a text to Relators to inform them that he emailed the contract and ask that they review it. On July 21, Stacey emailed Uechtritz and said that the "original asking price is no longer valid … As the agreed-upon time period has passed, and the offer no longer reflects market value, we are unable to accept your offer as-is and must entertain other offers that best reflect the market."

Respondent denied Relators' motion. This proceeding followed.

### PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "It is well settled that mandamus is the appropriate remedy when issues arise concerning the propriety of a notice of lis pendens." *In re Gaudet*,

3

625 S.W.3d 887, 891 (Tex. App.—El Paso 2021, orig. proceeding); *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d 614, 616 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding).

**ABUSE OF DISCRETION**

Relators contend that Respondent abused his discretion by denying the motion to expunge the notice of lis pendens because (1) Uechtritz's pleadings do not contain a real property claim, as an option contract neither establishes title nor a direct interest in real property; and (2) Uechtritz cannot rely on an unenforceable oral agreement to establish probable validity of a real property claim.

**Applicable Law**

"A lis pendens placed in the property records is notice to third parties of a dispute concerning ownership of the property." *I-10 Poorman Invs., Inc.*, 549 S.W.3d at 616. Pertinent to this case, "during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending." TEX. PROP. CODE ANN. § 12.007(a) (West 2014).

A party to an action in connection with which a notice of lis pendens has been filed may apply to the court to expunge the notice and file evidence with the motion to expunge. *Id*. § 12.0071(a) (West Supp. 2022). The trial court shall order a notice of lis pendens expunged if it determines that: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy. *Id*. § 12.0071(c).

**Real Property Claim**

We first address whether Uechtritz stated a cause of action that constitutes a real property claim, i.e., an action involving title to real property or the establishment of an interest in real property.[2] *See* TEX. PROP. CODE ANN. §§ 12.007(a), 12.0071(c)(1). When a motion to expunge "challenges the pleadings supporting the lis pendens, the trial court should examine the pleadings

---

[2] The enforcement of an encumbrance against real property is not an issue in this case. *See* TEX. PROP. CODE ANN. § 12.007(a) (West 2014).

to determine whether the pleader has alleged facts that affirmatively demonstrate that the lis pendens is proper." ***In re Collins***, 172 S.W.3d 287, 294-95 (Tex. App.—Fort Worth 2005, orig. proceeding).[3] In doing so, the trial court should liberally construe the pleadings in favor of the plaintiff and look to the pleader's intent. ***Id***. at 295 n.28. "Even so, a liberal construction 'does not require a court to read into a petition what is plainly not there.'" ***Bos v. Smith***, 556 S.W.3d 293, 306 (Tex. 2018) (quoting ***Heritage Gulf Props., Ltd. v. Sandalwood Apartments, Inc.***, 416 S.W.3d 642, 658 (Tex. App.—Houston [14th Dist.] 2013, no pet.)).

Uechtritz argues that both his original petition and first amended petition contain a real property claim. There appears to be two lines of cases regarding which pleadings we should consider when determining whether a real property claim has been sufficiently pleaded.

The first line of cases originates from the Dallas Court of Appeals, which holds that the relevant pleading consists of the one on file at the time the notice of lis pendens is filed. *See **In re Elisa***, No. 05-21-00370-CV, 2022 WL 391505, at *2-3 (Tex. App.—Dallas Feb. 9, 2022, orig. proceeding) (mem. op.); *see also **In re Kroupa-Williams***, No. 05-05-00375-CV, 2005 WL 1367950, at *3 (Tex. App.—Dallas June 10, 2005, orig. proceeding) (mem. op.); TEX. PROP. CODE ANN. § 12.0071(c)(1) ("court shall order the notice of lis pendens expunged if the court determines that: (1) the *pleading on which the notice is based* does not contain a real property claim) (emphasis added)). Uechtritz's original petition and the notice of lis pendens were both filed on August 9, 2021; thus, the original petition is the pleading on which the notice was based.

In the original petition, Uechtritz asserted several claims. First, he alleged breach of contract for Relators' failure to comply with the agreement to sell the property to him for $3,500,000, claiming that he fully performed and sustained financial harm and loss of the benefit expected from the contract had Relators performed as promised. Second, Uechtritz asserted a claim for promissory estoppel/specific performance on grounds that the parties entered the Grant of Option, Right of First Refusal and Confidentiality Agreement and made a subsequent oral agreement to execute the amendment. Based on Relators' promise to execute the amendment, he

---

[3] Section 12.0071 was enacted in 2009; nevertheless, "subsection (c)(1) reflects the practice that existed prior to the enactment of that provision whereby a party could obtain cancellation of a lis pendens when the pleadings in the lawsuit to which the lis pendens relates did not contain an assertion of an interest in real property that fell within the categories for which the statute provides that a lis pendens may be filed. Therefore, cases dating from before the enactment of subsection (c)(1) remain instructive in applying this provision." ***In re Moreno***, No. 14-14-00929-CV, 2015 WL 225049, at *2 (Tex. App.—Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (mem. op.) (internal citations omitted).

sought specific performance of the agreements to convey the property for $3,500,000 or, alternatively, a claim for damages for the value of the breached agreements. Third, he alleged partial performance, stating that, based on the agreements, he began cleaning up the property at a cost of $100,000, which increased the property's value. He asserted that, based on this partial performance, the parties' agreements are enforceable, specifically the amendment, and alleged that Relators should be required to comply with the amendment or pay damages. Fourth, Uechtritz asserted claims for quantum meruit and unjust enrichment on grounds that he made improvements to the property based on the agreements and Relators' representations. He claimed that Relators accepted these improvements with actual or constructive knowledge that he expected them to comply with their promises and/or reimburse him for the improvements. Thus, he sought $100,000, the amount expended on improvements.

"If the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, it is not 'an action involving: (1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property' as required by [S]ection 12.007 to render a notice of lis pendens proper." *In re Cohen*, 340 S.W.3d 889, 892 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). Because Uechtritz's claims for unjust enrichment and quantum meruit seek damages for money expended cleaning up the property, they do not constitute real property claims for purposes of the lis pendens statute. *See id.; see also Gaudet*, 625 S.W.3d at 892 (a "real estate claim must 'support the award of real property based on' the claim asserted"); *Campbell v. Martell*, No. 05-19-01413-CV, 2021 WL 1731754, at *10 (Tex. App.—Dallas May 3, 2021, no pet.) (mem. op.) ("If a party seeks a property interest only to secure recovery of damages or other relief, the interest is collateral and will not support a lis pendens."); *In re Moreno*, No. 14-14-00929-CV, 2015 WL 225049, at *3 (Tex. App.—Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (mem. op.) (when asserted interest in real property is merely to secure award of a possible judgment, such an interest is collateral and is insufficient to qualify for a lis pendens).

With respect to the breach of contract and specific/partial performance claims, Relators argue that breach of an option contract is not a real property claim. An option contract has two components: (1) the underlying contract that is not binding until accepted and (2) the covenant to hold open to the optionee the opportunity to accept. *North Shore Energy, LLC v. Harkins*, 501

6

S.W.3d 598, 606 (Tex. 2016) (per curiam).[4]  The Texas Supreme Court has held that such a contract "does not pass title or convey an interest in property." *Id*. at 605.  "It merely gives the optionee the option to purchase property or execute a lease within a certain time period." *Id*. at 606.  Because an option contract does not pass title or convey an interest in property, breach of the option in the parties' agreement cannot give rise to an action involving title to real property or the establishment of an interest in real property.  Thus, we cannot conclude that Uechtritz's claims for breach of contract and specific/partial performance qualify as real property claims under the lis pendens statute.

Uechtritz also relies on the right of first refusal to support his contention that he pleaded a real property claim.  "[A] right of first refusal is an interest in property." ***TC&C Real Estate Holdings, Inc. v. Sherrod***, No. 10-13-00385-CV, 2014 WL 4161763, at *3 (Tex. App.—Waco Aug. 21, 2014, pet. denied); *see **Williams v. State***, 406 S.W.3d 273, 281 n.2 (Tex. App.—San Antonio 2013, pet. denied).  But the right of first refusal claim was not raised until Uechtritz filed an amended petition on April 20, 2022, months after Relators filed their motion to expunge and the day before the hearing on that motion.  In the amended petition, Uechtritz added to his breach of a contract claim the assertion that Relators have not honored the right of first refusal and "they admit to have contracts presented to them, but have not presented those offers to the Plaintiff for review or consideration, and have not given the Plaintiff the right of first refusal to those contracts."  Uechtritz also sought specific performance of the right of first refusal.

Under the Dallas rule, we look only to the pleadings on file at the time the lis pendens was filed.  In doing so, we cannot construe Uechtritz's original petition as alleging a claim for breach of the right of first refusal.  Uechtritz's original petition alleged that the parties entered the Grant of Option, Right of First Refusal and Confidentiality Agreement, and mentions in the statement of facts that he had the right to purchase the property for $3,500,00 and had the right of first refusal.  But when setting forth his claims, Uechtritz alleged as follows:

> Despite the agreement of the Defendant to sell the property herein described to the Plaintiff for an amount of Three Million Five Hundred Thousand and No/100 Dollars ($3,500,000.00), the Defendants have failed to comply with such agreement.  The Plaintiff has fully performed his obligation by presenting a contract to the Defendants and making a payment in the amount of $1,000 to the title company identified in the contract.

---

[4] Although Relators rely on ***Harkins*** in their mandamus petition, Uechtritz did not address ***Harkins*** in his response.

…
Based upon the Defendants' promise to execute the First Amendment agreement, the Plaintiff has a cause of action to specifically enforce the agreement of the Defendants to convey the property in question for the amount of Three Million Five Hundred Thousand and No/100 Dollars ($3,500,000.00). The Plaintiff seeks specific performance of the agreements made by the Defendants.

Accordingly, Uechtritz's original petition specifically alleges breach of the option contract and under such circumstances, we are not required to read into his petition what is plainly not there. *See Bos*, 556 S.W.3d at 306 ("When a pleader provides both general and specific allegations, the specific controls, and the pleader cannot rely on the general allegations to expand the scope of the claim"). Thus, under the Dallas rule, Uechtritz has not pleaded a real property claim.

The second line of cases originates from the Austin Court of Appeals, which holds that "the validity of a filing of a notice of lis pendens is judged by the pleadings on file at the time the transaction with respect to the property occurred." *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 5 (Tex. App.—Austin 2007, pet. denied). In addressing the Dallas and Austin rules, the United States District Court for the Southern District of Texas held as follows:

> The Court applies both options to this case to illustrate. First, the Dallas Rule. Crucially, "the pleading on which the notice is based"—here, the Original Petition filed in state court—"does not contain a real property claim." At the time the Notices of Lis Pendens were filed—October 2021—the live pleading on file was the Original Petition. At best, then, PMC's only remaining option is to rely on the live pleading "on file at the time the transaction with respect to the property occurred" under the Austin Rule. But any transaction related to the property pre-dates any future change to the live pleading. As a result, an amendment to add a real property claim would fall well outside the lines drawn under Texas law. Thus, the Court concludes that PMC does not assert a real property claim under Texas Property Code § 12.0071(c)(1). As such, the Court must expunge the Notices of Lis Pendens.

*Pelletier Mgmt. & Consulting, LLC v. InterBank*, No. 6:21-CV-00022, 2022 WL 614917, at *3 (S.D. Tex. Mar. 2, 2022) (mem. op.) (internal citations omitted). Additionally, the Austin Court has declined to apply the relation-back doctrine to the lis pendens statute, specifically rejecting an argument that "any after-filed pleading containing new legal theories that arise out of the same transaction or occurrence as those asserted in the original pleading should relate back to the date of the original filing." *Countrywide*, 240 S.W.3d at 5. In doing so, the Court explained:

> The relation-back doctrine "originated as an equitable remedy" and "enables the court to arrive at conclusions that will effectuate justice." Extending the relation-back doctrine applicable in a limitations context to a lis pendens situation would not necessarily effectuate justice. To the contrary, inequitable results could occur, especially in light of the draconian nature of a lis

8

pendens. A lis pendens has been called "the functional equivalent of an involuntary lien" because "it acts as a cloud on title." Such remedies should not be broadly construed. Under Howard's interpretation, any party could hold a piece of real property hostage simply by filing a notice of lis pendens—no one would be able to determine the validity of the lis pendens until after judgment was rendered because pretrial or trial amendments could retroactively validate the notice of lis pendens. We decline to extend the doctrine of relation-back to a lis pendens matter and will consider only Howard's original petition against McLain.

*Id*. at 5-6 (internal citations omitted).

As previously stated, the lis pendens was based on the original petition, which fails to contain a real property claim. And the amended petition, which contains the right of first refusal allegation, was not on file at the time the transactions with respect to the property occurred. Furthermore, we agree with the reasoning in *Countrywide* and decline to apply the relation-back doctrine to the lis pendens statute. Thus, Uechtritz has not pleaded a real property claim under the Austin rule.

Based on our review of the relevant pleadings, we conclude that Uechtritz failed to state a cause of action that constitutes a real property claim as contemplated by the lis pendens statute.[5] *See* TEX. PROP. CODE ANN. §§ 12.007(a), 12.0071(c)(1). For this reason, Respondent abused his discretion by denying Relators' motion to expunge the notice of lis pendens.[6]

## DISPOSITION

Having concluded that Respondent abused his discretion by refusing to expunge the notice of lis pendens, we ***conditionally grant*** Relators' petition for writ of mandamus. We direct Respondent to vacate his order of July 21, 2022 denying Relators' motion to expunge the lis pendens, and in its stead, to issue an order granting the motion to expunge the notice of lis pendens. The writ will issue only if Respondent fails to do so ***within ten days of the date of the opinion and order***. Respondent shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.

GREG NEELEY
Justice

Opinion delivered October 21, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[5] This opinion should in no way be construed as an evaluation of the merits of Uechtritz's claims.

[6] Because we so hold, we need not address Relators' remaining arguments. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

OCTOBER 21, 2022

NO. 12-22-00233-CV

**STACEY D. SON, ET AL,**
Relators
V.

**HON. MARK A. CALHOON,**
Respondent

ON THIS DAY came to be heard the petition for writ of mandamus filed by Stacey D. Son, et al; who are the relators in appellate cause number 12-22-00233-CV and the defendants in trial court cause number CV-21-0433-3, pending on the docket of the 3rd Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on August 29, 2022, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that Respondent will act promptly and vacate his order of July 21, 2022, denying Relators' motion to expunge the notice of lis pendens, and in its stead, to issue an order granting the motion, the writ will not issue unless the

10

**HONORABLE MARK A. CALHOON** fails to comply with this Court's order within ten (10) days from the date of this order.

Greg Neeley, Justice.

*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*