

# NUMBER 13-22-00594-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN RE BAYSHORE ENERGY TX LLC
AND ATLAS OPERATING LLC**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Longoria[1]**

Relators Bayshore Energy TX LLC and Atlas Operating LLC filed a petition for writ of mandamus through which they assert that the trial court abused its discretion in granting a motion to expunge a lis pendens filed by real party in interest, VDA Solar Texas 1 LLC (VDA).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 (requiring the appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Mandamus may be appropriate to consider rulings regarding lis pendens. *See Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding) (per curiam); *see, e.g.*, *In re Gaudet*, 625 S.W.3d 887, 891 (Tex. App.—El Paso 2021, orig. proceeding [mand. denied]) ("It is well settled that mandamus is the appropriate remedy when issues arise concerning the propriety of a notice of lis pendens."); *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d 614, 616 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) ("In disputes concerning notices of lis pendens, mandamus is the appropriate remedy and a showing of adequate remedy by appeal is unnecessary.").

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by VDA, the reply thereto filed by relators, and the applicable law, is of

the opinion that relators have not met their burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of January, 2023.

3