

# NUMBER 13-25-00345-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE QFP II, LP AND RGV II, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relators QFP II, LP (QFP) and RGV II, LLC (RGV)

assert that the trial court[2] abused its discretion by denying their motion to expunge a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the distinction between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2024-DCL-01024 in the 138th District Court of Cameron County, Texas, and the respondent is the Honorable Gabriela Garcia. *See id.* R. 52.2.

notice of lis pendens filed by the real party in interest, SP Developments, LLC (SPD). We deny the petition for writ of mandamus in part and conditionally grant in part.

## I.    BACKGROUND

On February 23, 2024, SPD, acting in its individual capacity and derivatively on behalf of RGV Pilatus, LLC (Pilatus) filed suit against Ricardo Rubiano, RubiGroup, LLC (RubiGroup), and Palmas Row Properties, LLC (Palmas Row) for various causes of action. In connection with its lawsuit, SPD filed a notice of lis pendens regarding three tracts of property in the Las Palmas-Sierra Gorda Subdivision in Cameron County, Texas: Lots 1 and 2, Lots 3A and 3B, and Lots 4A and 4B.

On April 17, 2024, relators filed a "Verified Original Petition in Intervention" in SPD's lawsuit alleging, in relevant part, that Pilatus, Rubiano, RubiGroup, and Palmas Row caused them injury by committing fraud and breaching various contracts, and that relator RGV owned the property that was subject to SPD's "wrongful lis pendens." That same day, relators filed a motion to expunge the notice of lis pendens, and SPD thereafter filed a response to that motion.

On May 16, 2024, SPD filed its "First Amended Petition and Original Counterclaims." This is the live pleading at issue in this original proceeding.[3] SPD alleged that it was filing suit in its individual capacity and on behalf of Pilatus, and it alleged that "Rubiano perpetrated a brazen fraud upon Pilatus." SPD explained that it, acting as a "sweat equity" investor, and a separate group of financial investors (Investors) invested

---

[3] Relators indicate that SPD thereafter filed a second amended petition; however, that pleading does not appear in the record before us. In any event, under the Texas Property Code, we measure the validity of a notice of lis pendens based on "the pleading on which the notice is based," and here, the amended notice of lis pendens was based on the first amended petition. *See* TEX. PROP. CODE ANN. § 12.0071; *see also In re Elisa*, No. 05-21-00370-CV, 2022 WL 391505, at *3 (Tex. App.—Dallas Feb. 9, 2022, orig. proceeding) (mem. op.).

$1,500,000 in Pilatus in exchange for a combined 51% membership interest therein. According to SPD, Rubiano was also a "sweat equity" investor in Pilatus, receiving a 49% membership interest, and served as Pilatus's manager. SPD alleged that the members of Pilatus agreed that as Pilatus's manager, Rubiano would cause Pilatus to obtain a loan in the amount of $3,300,000 through third-party financing, and Rubiano would use that amount plus $1,046,000 of the Investors' money to acquire Lots 4A and 4B in Brownville, Texas (the "Pilatus Properties"). The other $454,000 of the Investors' money would be paid to Rubiano as a development fee.

SPD alleged that Rubiano did not comply with this agreement. Instead, Rubiano caused Pilatus to borrow $11,350,000, which he used to acquire the Pilatus Properties, four other properties (the "Palmas Row Properties") in the name of Rubiano's other company, Palmas Row, and a ground lease (the "RubiGroup Property") in the name of another of Rubiano's companies, RubiGroup. Thus, Rubiano used the Investors' $1,046,000 to secure loan proceeds for the benefit of Palmas Row and RubiGroup. Rubiano executed a combined Security Agreement and Deed of Trust (the "Deed of Trust") in favor of QFP that pledged the Pilatus Properties, Palmas Row Properties, and the RubiGroup Property as joint collateral for the entire $11,350,000 loan. SPD alleged that in doing so, Rubiano was acting without authority or SPD's or the Investors' knowledge or consent.

Rubiano thereafter represented to SPD and the Investors that he was causing Pilatus to make payments in compliance with the fictitious $3,300,000 loan. However, ultimately, Rubiano stopped communicating with SPD and the Investors. Upon investigation, SPD discovered that Rubiano had executed a Deed in Lieu of Foreclosure

transferring the Pilatus Properties, the Palmas Row Properties, and the RubiGroup Property to RGV, a newly formed entity affiliated with QFP. SPD alleged that the Deed in Lieu of Foreclosure was executed by Rubiano without authority from Pilatus.

SPD alleged that QFP committed malfeasance in loaning the funds to Pilatus: "QFP turned a blind eye to Rubiano's fraudulent scheme, ignoring obvious red flags, because it saw an opportunity to make millions." Specifically, SPD alleged that QFP failed to conduct reasonable due diligence regarding the relevant transactions by, *inter alia*, failing to verify the source of Rubiano's down payment or confirming that Rubiano possessed the authority to enter the transactions or execute the Deed in Lieu of Foreclosure. SPD further alleged that QFP misallocated the down payments for the various properties, essentially benefiting the Palmas Row Properties and the RubiGroup Property at the expense of the Pilatus Properties. SPD alleged that current appraisals on the properties at issue indicate that the Pilatus Properties, the Palmas Row Properties, and the RubiGroup Property were worth far more than the $11,350,000 loan amount, and that "[t]he only reasons [relators] stand to reap this financial windfall at Pilatus's expense is their blatant disregard of obvious indicia of fraud, intentional breach of their due diligence obligations under federal law, and willing participation in Rubiano's . . . theft of Pilatus's money."

Based on the foregoing, SPD alleged causes of action: (1) against Rubiano and RubiGroup for fraud, fraud in a real estate transaction under § 27.01 of the Texas Business and Commerce Code, and violations of the Texas Securities Act; (2) against Rubiano for breach of contract and breach of fiduciary duty; (3) against Rubiano, RubiGroup, and Palmas Row for conspiracy; (4) against relators for knowing participation

4

in breach of fiduciary duty, negligence, gross negligence, and unjust enrichment; and (5) against QFP for negligence per se, gross negligence, and unjust enrichment. SPD sought monetary damages for these causes of action. SPD further sought declaratory relief that "(1) QFP's loan to Pilatus, the Deed of Trust, and/or the Deed in Lieu of Foreclosure were executed without authority, and thus, are invalid, in whole or in part, and (2) because the Deed in Lieu of Foreclosure is invalid, title to the Pilatus Properties remains vested in Pilatus." SPD also sought equitable reformation of "the Promissory Note, Term Loan Agreement, Deed of Trust, and other financing agreements between QFP and Pilatus to limit the transactions to the Pilatus Properties, match the loan allocations for the Pilatus Properties in the Term Loan Agreement, apply Pilatus's $1,046,000 towards the purchase of the Pilatus Properties in the reformed transaction, and require RGV to sell the Pilatus Properties back [to] Pilatus for the outstanding balance of the revised loan." SPD requested the trial court to impose a constructive trust upon the Pilatus Properties, the Palmas Row Properties, and the RubiGroup Property for the benefit of Pilatus. SPD alleged that this constructive trust was not sought as security to satisfy a judgment but was instead sought to prevent unjust enrichment.

In conjunction with its first amended petition, SPD filed an amended notice of lis pendens[4] which referenced its lawsuit and provided that, "The purpose of the lawsuit is to adjudicate, among other things, claims for breach of contract, fraud in connection with real estate transactions, breach of fiduciary duty, violations of the Texas Securities Act,

---

[4] In general, amended pleadings and instruments take the place of prior pleadings and instruments. *See* TEX. R. CIV. P. 65 (explaining that a substituted instrument generally takes the place of the original); *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) ("Amended pleadings supersede prior pleadings, and any claim not carried forward in an amended pleading is deemed dismissed."); *see also Kuhr v. Smith*, No. 03-20-00416-CV, 2022 WL 1289212, at *9 (Tex. App.—Austin Apr. 29, 2022, no pet.) (mem. op.). Accordingly, although the parties discuss the propriety of both the original notice of lis pendens and the amended notice of lis pendens, we focus our attention in this original proceeding on the amended notice of lis pendens.

5

and attempted conveyances of real property without actual or apparent authority." The amended notice of lis pendens stated that "SPD, derivatively on behalf of [Pilatus], seeks a judicial declaration quieting title" to portions of the property in Pilatus "and confirming the continued existence of a constructive trust" in the real property described therein "for the benefit of [Pilatus]." The amended notice of lis pendens describes the three tracts of property referenced in the original notice of lis pendens.

The parties thereafter filed additional pleadings regarding expunction of the notice of lis pendens. On September 10, 2024, the trial court held a non-evidentiary hearing on relators' motion to expunge the notice of lis pendens. After receiving post-hearing briefing, on April 14, 2025, the trial court denied relators' motion to expunge the notice of lis pendens. This original proceeding ensued. Relators assert by one issue that the trial court abused its discretion by denying their motion to expunge the notice of lis pendens. We requested and received a response to the petition for writ of mandamus from SPD. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Relators have further filed a reply in support of their contentions.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833,

6

839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

"It is well settled that mandamus is the appropriate remedy when issues arise concerning the propriety of a notice of lis pendens." *In re Gaudet*, 625 S.W.3d 887, 891 (Tex. App.—El Paso 2021, orig. proceeding [mand. denied]); *see Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex.1995) (orig. proceeding) (per curiam); *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d 614, 616 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding); *In re Collins*, 172 S.W.3d 287, 297 (Tex. App.—Fort Worth 2005, orig. proceeding). In such cases, the relator need not show that it lacks an adequate remedy by appeal. *See In re I-10 Poorman Invs., Inc.*, 549 S.W.3d at 616.

### III.    LIS PENDENS

A lis pendens is a notice of litigation, recorded in the chain of title to real property, that warns third parties that ownership of the property is disputed. *In re Gaudet*, 625 S.W.3d at 891; *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *B & T Distribs., Inc. v. White*, 325 S.W.3d 786, 789 (Tex. App.—El Paso 2010, no pet.). "A notice of lis pendens broadcasts 'to the world' the existence of ongoing litigation regarding ownership of the property." *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017) (quoting TEX. PROP. CODE ANN. § 13.004(a)); *see also I-10 Poorman Invs., Inc.*, 549 S.W.3d at 616. A notice of lis pendens both protects the filing party's alleged rights to the property at issue in the lawsuit and puts those who are interested in the property on notice of the lawsuit. *David Powers Homes, Inc. v. M.L. Rendleman Co.*, 355 S.W.3d 327, 336 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see*

*also Campbell v. Martell*, No. 05-19-01413-CV, 2021 WL 1731754, at *10 (Tex. App.—Dallas May 3, 2021, no pet.) (mem. op.). Once a notice of lis pendens has been filed, it may be removed by cancellation or expunction. *See* TEX. PROP. CODE ANN. §§ 12.0071 (expunction), 12.008 (cancellation).

In terms of expunction, "[a] party to an action in connection with which a notice of lis pendens has been filed may: (1) apply to the court to expunge the notice; and (2) file evidence, including declarations, with the motion to expunge the notice." *Id.* § 12.0071(a). In determining whether a notice of lis pendens should be expunged, the trial court may allow "evidence on the motion to be received in the form of oral testimony" and can "make any orders the court considers just to provide for discovery by a party affected by the motion." *Id.* § 12.0071(b). The Texas Property Code provides that:

> (c)  The court shall order the notice of lis pendens expunged if the court determines that:
>
> (1)  the pleading on which the notice is based does not contain a real property claim;
>
> (2)  the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or
>
> (3)  the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

*Id.* § 12.0071(c). The court determines whether the notice of lis pendens should be expunged based on the affidavits and counter affidavits on file and on any other proof the court allows. *Id.* § 12.0071(e). We review the trial court's ruling under a de novo standard. *Walker v. Walker*, 631 S.W.3d 259, 267–68 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

8

To obtain a lis pendens, the action must "involv[e] title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." TEX. PROP. CODE ANN. § 12.007(a); *see also In re Gaudet*, 625 S.W.3d at 892. A real estate claim must "support the award of real property based on" the claim asserted. *In re Gaudet*, 625 S.W.3d at 892 (quoting *In re Chong*, No. 14-19-00368-CV, 2019 WL 2589968, at *2 (Tex. App.—Houston [14th Dist.] June 25, 2019, orig. proceeding) (mem. op.)); *see also In re Calhoun*, No. 14-23-00704-CV, 2024 WL 3648406, at *2 (Tex. App.—Houston [14th Dist.] Aug. 5, 2024, orig. proceeding) (per curiam) (mem. op.). The suit must claim a direct interest in real property rather than a collateral interest, or stated otherwise, the property against which the notice of lis pendens is filed must be the subject matter of the underlying lawsuit. *See Walker*, 631 S.W.3d at 268; *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied); *Long Beach Mortg. Co. v. Evans*, 284 S.W.3d 406, 414 (Tex. App.—Dallas 2009, pet. denied); *In re Collins*, 172 S.W.3d at 293; *see also In re Jackson*, No. 14-23-00753-CV, 2024 WL 1102888, at *2 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, orig. proceeding) (per curiam) (mem. op.). "If the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, the interest is merely collateral and will not support a lis pendens." *Countrywide Home Loans, Inc.*, 240 S.W.3d at 4; *see Flores*, 915 S.W.2d at 478; *Long Beach Mortg. Co.*, 284 S.W.3d at 414.

## IV.   ANALYSIS

Relators assert that the amended notice of lis pendens should be expunged because the pleading on which the notice is based does not contain a real property claim and because SPD failed to establish the probable validity of the real property claim by a

9

preponderance of the evidence. Relators alternatively contend that the amended notice of lis pendens must be expunged as to the properties that were never owned by Pilatus, that is, those tracts other than Lots 4A and 4B. SPD contends otherwise.

We conclude that relators have not met their burden to show either that SPD's pleading fails to include a real property claim or that SPD failed to establish the probable validity of that real property claim by a preponderance of the evidence. Although we need not explain our rationale, *see* TEX. R. APP. P. 52.8(d), we make the following brief observations. First, SPD has asserted that title to Lots 4A and 4B should be restored to Pilatus. This pleading seeks restoration of a prior ownership interest in a particularly identified property. *See*, *e.g.*, *In re Cohen*, 340 S.W.3d 889, 898–99 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding); *Countrywide Home Loans, Inc.*, 240 S.W.3d at 6; *Long Beach Mortg. Co.*, 284 S.W.3d at 414; *see also In re Chong*, 2019 WL 2589968, at *4. Second, on this record and solely for the purposes of the issue raised in this original proceeding, SPD has produced evidence establishing the probable validity of that real property claim by a preponderance of the evidence. *See* TEX. PROP. CODE ANN. § 12.0071(c)(2). We further note that the record contains conflicting testimony regarding issues pertaining to the loan at issue which, in part, renders mandamus relief inappropriate. *See In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam).

We conclude, however, that relators have met their burden to obtain mandamus relief as to their contention, made in the alternative, that the amended notice of lis pendens must be expunged as to the properties that were never owned by Pilatus, that is, those tracts other than Lots 4A and 4B. A claim asserting a constructive trust over

10

property, or equitable ownership of property, or asserting a collateral interest in real property, made for the purposes of securing monetary compensation, is not a real property claim that will support a notice of lis pendens. *See Flores*, 915 S.W.2d at 478; *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d at 617; *Long Beach Mortg. Co.*, 284 S.W.3d at 414; *Countrywide Home Loans, Inc.*, 240 S.W.3d at 4; *Moss v. Tennant*, 722 S.W.2d 762, 763 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding); *see also In re Jackson*, 2024 WL 1102888, at *2; *In re Son*, No. 12-22-00233-CV, 2022 WL 13643034, at *5 (Tex. App.—Tyler Oct. 21, 2022, orig. proceeding) (mem. op.); *Alolabi v. Chretien*, No. 01-20-00761-CV, 2022 WL 2976377, at *5 (Tex. App.—Houston [1st Dist.] July 28, 2022, pet. denied) (mem. op.); *In re Chong*, 2019 WL 2589968, at *2.

Based on the facts shown, Pilatus never had title to the other two tracts of land listed in the amended notice of lis pendens, and none of its causes of action would affect title to those tracts. Accordingly, the amended notice of lis pendens must be expunged as to those properties. We sustain relators' alternative request for relief.

## V. CONCLUSION

The Court, having examined and fully considered relators' petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relators have met their burden to obtain relief, in part, as discussed herein. We conditionally grant the petition for writ of mandamus in part, and we direct the trial court to: (1) vacate its April 14, 2025 order denying relators' motion to expunge the amended notice of lis pendens; and (2) enter a new order granting expunction as to Lots 1, 2, 3A, and 3B, and denying expunction as to Lots 4A and 4B. We deny the petition for writ of mandamus, in

11

part, as to all other relief sought. Our writ will issue only if the trial court fails to promptly comply.

CLARISSA SILVA
Justice

Delivered and filed on the
29th day of August, 2025.